IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs March 15, 2011

## JAMES M. FLINN v. JON K. BLACKWOOD

**Direct Appeal from the Circuit Court for Anderson County**
**No. A7LA0601    Donald P. Harris, Senior Judge**

_____

**No. E2010-00667-COA-R3-CV - Filed April 13, 2011**

_____

Plaintiff filed a cause of action against Defendant judge, alleging Defendant wrongfully refused to grant his petition for writ of habeas corpus. The trial court dismissed the action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, J., and JOHN W. MCCLARTY, J., joined.

James M. Flinn, *Pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter, and Mary M. Bers, Senior Counsel, for the appellee, Jon K. Blackwood.

### MEMORANDUM OPINION[1]

This appeal arises from a complaint filed by Appellant James M. Flinn (Mr. Flinn) against Jon K. Blackwood (Judge Blackwood) in the Circuit Court for Anderson County on October 29, 2007. In his complaint, Mr. Flinn alleged Judge Blackwood wrongfully and

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

willfully refused to grant his petition for writ of habeas corpus, resulting in great emotional harm to Mr. Flinn.  Mr. Flinn prayed for compensatory damages in the amount of $280,000, punitive damages in the amount of $560,000, and costs.  On December 10, 2007, the Honorable Donald P. Harris, Senior Judge, was assigned to hear the matter by order of the Chief Justice of the Supreme Court of Tennessee.

In December 2008, Judge Blackwood filed a motion to dismiss for failure to state a claim.  In his motion, Judge Blackwood asserted that Mr. Flinn's complaint failed to allege the presence of any legal grounds for a writ of habeas corpus under Tennessee Code Annotated § 29-21-101 in the underlying criminal case against Mr. Flinn; failed to state a claim for any wrongful and willful refusal to grant a writ of habeas corpus under Tennessee Code Annotated § 29-21-108(b); and that the doctrine of judicial immunity barred all monetary damages prayed for in the matter.  Judge Blackwood further stated that he "[did] not waive any of the other defenses available to him" including, but not limited to, "the insufficiency of service of process."

Mr. Flinn filed a motion in opposition to Judge Blackwood's motion to dismiss in January 2009.  In his opposition, Mr. Flinn asserted that Judge Blackwood was subject to suit under Tennessee Code Annotated 29-21-108(b), and that disputed material facts existed that precluded dismissal of the action.  Mr. Flinn contended that the motion should be construed as a motion for summary judgment, and denied.

In December 2009, Judge Blackwood filed a notice of continued insufficiency of service of process.  The trial court granted Judge Blackwood's motion to dismiss on February 3, 2010, and Mr. Flinn filed a timely notice of appeal to this Court.

### Issues Presented

Mr. Flinn raises the following issue for our review:

Did the trial court err in granting the Defendant's motion to dismiss?

### Standard of Review

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests only the legal sufficiency of the complaint itself.  *Cook v. Spinnakers of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994).  The grounds for such a motion are that the allegations of the complaint, if considered true, are not sufficient to constitute a cause of action as a matter of law.  *Id.*  A motion to dismiss should be granted only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief.  *Doe*

*v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). We review a trial court's award of a motion to dismiss *de novo*, with no presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

### *Discussion*

This lawsuit arises under section 29-21-108 which provides, with respect to a writ of habeas corpus:

> (a) It is the duty of the court or judge to act upon such applications instanter.
>     (b) A wrongful and willful refusal to grant the writ, when properly applied for, is a misdemeanor in office, besides subjecting the judge to damages at the suit of the party aggrieved.

Tennessee Code Annotated § 29-21-108 (2000).

In his complaint for relief under section 29-21-108, Mr. Flinn alleged that, in February 2006, an Anderson County grand jury indicted him for first degree murder; a capias was issued for his arrest and he was arrested on the afternoon of February 7, 2006; Judge Blackwood, senior judge, was appointed as trial court judge in the mater; he was arraigned on March 3, 2006; bond was set at $125,000 and the trial court entered an order outlining the conditions of his release; and that he was released on March 8, 2006 on $125,000 bail-bond. Mr. Flinn asserted that he was represented by a private attorney, Mr. Ritter, during these proceedings; that the trial court granted a motion to withdraw filed by Mr. Ritter on April 12, 2006; that the trial court appointed a public defender to serve as counsel on April 24, 2006; that a private attorney, Robert Vogel, was retained by a third party on his behalf and filed a notice of appearance on June 2, 2006; that the pubic defender was dismissed and Mr. Vogel appointed as counsel without Mr. Flinn's knowledge on August 3, 2006; and that on August 17, 2006, Mr. Flinn sent written correspondence to the trial court expressing dissatisfaction with Mr. Vogel and the public defender. Mr. Flinn asserted that he received an email from Mr. Vogel on August 22, 2006, advising him that Mr. Vogel had scheduled a meeting with Judge Blackwood on September 1, 2006. Mr. Flinn further asserted that no summons was issued, but that he received a phone call from Judge Blackwood's office on August 23, 2006, informing him of the September 1 hearing. Mr. Flinn asserted he expressed concern that he might not be able to attend the September 1 hearing, and that he was told to call Judge Blackwood's office if he could not attend. Mr. Flinn additionally asserted that, on August 25, he received a letter from Judge Blackwood's office confirming the September 1 hearing. Mr. Flinn asserted that on the afternoon of August 31, he faxed Judge Blackwood's office stating that he would not be able to attend the September 1 hearing because of transportation problems. Mr. Flinn alleged that Judge Blackwood then "called Plaintiff's appointed

counsel, Mr. Vogel, and ordered Mr. Vogel not to appear on September 1." He asserted that Judge Blackwood then "conduct[ed] an ex parte trial"; that the circuit court issued a second capias for his arrest; and that he was arrested on September 1, 2006. Mr. Flinn asserted that on September 6, 2006, he received an order dated September 1 and stamped September 5, stating that his bond was revoked for failure to attend a hearing on a motion, and that bail was now set at $1,000,000. He asserted that the order had not been signed by Judge Blackwood, but that Judge Blackwood's name was printed on the order "with permission" by District Attorney General Clark. Mr. Flinn stated that a bail reduction hearing was held on September 13; that he was represented against his wishes by Mr. Vogel; that Judge Blackwood stated that his office had not telephoned Mr. Flinn on August 23 and that he had not revoked and raised Mr. Flinn's bail for failure to appear at the hearing; and that bail was reduced to $500,000. Mr. Flinn stated that he sought relief from the Court of Criminal Appeals under Rule 10 and Rule 8, and that his applications for relief were denied. Mr. Flinn asserted that Mr. Vogel was permitted to withdraw on October 6, 2006, and that Judge Blackwood appointed Alexander Brown to represent him on October 9. He asserted that a second bond reduction hearing was held on October 25, 2006; that bond was set at $300,000; and that he was released on October 27, 2006, after posting a bail-bond in the amount of $300,000.

In his complaint, Mr. Flinn also asserted,

[o]n September 29, 2006 a petition for writ of habeas corpus was served on Defendant. The petition met the requirements of Tennessee Code Annotated § 29-21-107 and the writ was properly applied for. There is nothing in the record to indicated that after the filing of the petition the Defendant followed the procedures outlined at Tennessee Code Annotated § § 29-21-108 to 110.

Mr. Flinn alleged that Judge Blackwood "wrongfully and willfully breached his statutory duty[,]" and that as a result of Judge Blackwood's wrongful refusal to grant the writ, he spent an additional 28 days in jail.

In the memorandum of law attached to his motion to dismiss, Judge Blackwood asserted, *inter alia,* that although Mr. Flinn refers to a number of court documents, none were attached to his complaint as required by Rule 10.03 of the Tennessee Rules of Civil Procedure. Rule 10.03 provides:

Whenever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit unless the instrument is (1) a matter of public record in the county in which the action is commenced and its

-4-

location in the record is set forth in the pleading; (2) in the possession of the adverse party and this fact is stated in the pleading; (3) inaccessible to the pleader or is of such nature that attaching the instrument would be unnecessary or impracticable and this fact is stated in the pleading, together with the reason therefor. Every exhibit so attached or referred to under (1) and (2) shall be a part of the pleading for all purposes.

Tenn. R. Civ. P. 10.03. Judge Blackwood further asserted that, although Mr. Finn claimed to have "served" a petition for writ of habeas corpus on him on September 29, 2006, no petition was attached to the complaint. Judge Blackwood attached a copy of the court's Case Docket History for the relevant time frame to illustrate that no petition was ever filed with the court.

In his motion in opposition to Judge Blackwood's motion to dismiss, Mr. Flinn reasserted his claim that he was wrongfully arrested in September 2006, but did not attach a copy of the petition for writ of habeas corpus. Mr. Flinn also did not address Judge Blackwood's assertion that the petition was never filed in the circuit court.

In his brief to this Court, Mr. Flinn asserts that the trial court erred in granting Judge Blackwood's motion to dismiss because the motion was procedurally inadequate where the motion failed to state the grounds for dismissal with particularity. Mr. Flinn relies on *Willis v. Tennessee Department of Corrections*, 113 S.W.3d 706 (Tenn. 2003) for the proposition that "[s]imply moving for dismissal by alleging the plaintiff has failed to state a claim, and then stating the grounds in the accompanying memorandum of law, does not meet the rule's requirement." However, we note that, unlike the motion to dismiss in *Willis*, Judge Blackwood stated the grounds upon which he asserted dismissal was proper with particularity. The motion stated on its face that it was a motion to dismiss, and that it was predicated on Mr. Flinn's failure to allege legal grounds for a writ of habeas corpus in the underlying criminal case; the failure to state a claim for wrongful and willful refusal to grant a writ of habeas corpus under Tennessee Code Annotated § 29-21-108(b); and the doctrine of judicial immunity. Moreover, we note that Mr. Flinn did not raise this issue in the trial court. A "cardinal principle of appellate practice" is that an issue not raised in the trial court cannot be raised for the first time on appeal. *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009) (citations omitted). This argument is without merit.

Having reviewed the record, we find nothing to indicate that Mr. Flinn properly filed a petition for writ of habeas corpus in the trial court. The official Case Docket History attached to Judge Blackwood's motion is devoid of any history of the filing of a petition for writ of habeas corpus on September 29, 2006, or thereabouts. No petition was attached to Mr. Flinn's complaint; Mr. Flinn has not challenged the accuracy of the Case Docket History;

and Mr. Flinn does not assert that the petition was, in fact, filed in the trial court.

A lawsuit may be maintained under Tennessee Code Annotated § 29-21-108(b) only where a petition has been "properly applied for." Thus, whether we construe the trial court's order as one granting a motion to dismiss or as one awarding summary judgment where the court has considered matters outside the pleadings, we agree that Judge Blackwood is entitled to a judgment as a matter of law. There is nothing in this record to assert Mr. Flinn properly filed a writ of habeas corpus in the trial court.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, James M. Flinn.

_____
DAVID R. FARMER, JUDGE